# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TONG VANG, | ) CASE NO.  5:15-CV-367 |
| | ) |
| Petitioner, | ) JUDGE ADAMS |
| | ) |
| v. | ) MAGISTRATE JUDGE VECCHIARELLI |
| | ) |
| MR. SHELDON, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Respondent. | ) |
| | ) |
| | ) |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of Tong Vang ("Vang" or "Petitioner") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio v. Vang*, Case No. 2005-08-2924 (Summit County Apr. 12, 2006). (Doc. No. 8-1 at Ex. 4.)  The State moves to dismiss the petition on the basis that Petitioner failed to file his petition within the one-year statute of limitations applicable to federal habeas petitions.  (Doc. No. 8.)  For the reasons set forth below, the State's motion should be GRANTED and the § 2254 petition should be DISMISSED.

## I. Background

### A. Relevant Factual Background

The state appellate court reviewing Petitioner's conviction for one count each of rape and gross sexual imposition noted the following relevant facts:

> It is undisputed that the victim was eleven years old at the time of the rape. Therefore, the only remaining issue is whether Appellant engaged in sexual conduct with the victim. The evidence of sexual conduct is overwhelming in

> this case. The victim in this case testified to the following: that Appellant massaged her neck and worked his way down her back until he was touching her "bottom." Appellant then unzipped his pants, grabbed her hand and placed it on his penis. Appellant then attempted to insert his penis into her vagina, but she closed her legs tightly. Appellant pried her legs open and inserted his penis into her vagina.

*State v. Vang*, No. 23206, 2007-Ohio-46 (Ohio App. Ct. Jan. 10, 2007).

### B.     State Trial Court Proceedings

In August 2005, the State issued an indictment charging Petitioner with one count each of rape and gross sexual imposition.  (Doc. No. 8-1 at Ex. 1.)  After an April 2006 trial, a jury convicted Petitioner of both counts in the indictment.  (*Id*. at Ex. 3.)  On April 12, 2006, the trial court imposed concurrent sentences totaling life imprisonment, followed by a three-year term of post-release control.  (*Id*. at Ex. 4.)  The trial court adjudicated Petitioner to be a habitual sex offender under Megan's Law, and advised him of the requirements under that designation.  (*Id*.)

### C.     Direct Appeal

In August 2006, Petitioner, through trial counsel, filed a notice of appeal.  In his brief, Petitioner argued that his conviction was against the manifest weight of the evidence and that insufficient evidence supported the conviction.  (Doc. No. 8-1 at Ex. 6.)  On January 10, 2007, the state appellate court affirmed Petitioner's conviction.  *See Vang*, 2007-Ohio-46 at ¶ 15.

On June 11, 2007, Petitioner, *pro se*, filed a notice of appeal to the Ohio Supreme Court, as well as a motion for leave to file a delayed appeal.  (Doc. No. 8-1 at Exs. 9, 10.)  On July 25, 2007, the Ohio Supreme Court denied Petitioner's motion for

leave to file a delayed appeal. *State v. Vang*, 870 N.E.2d 370 (Table), 114 Ohio St.3d 1477 (Ohio 2007).

### D. Rule 26(B) Applications

On September 18, 2007, Petitioner, *pro se*, filed an application to reopen his appeal pursuant to Rule 26(B) of Ohio's Rules of Appellate Procedure, asserting that he had received ineffective assistance of counsel on direct appeal when his trial counsel represented him on direct appeal despite having committed multiple errors in the trial court. (Doc. No. 8-1 at Ex. 13.) On September 19, 2007, the state appellate court denied the Rule 26(B) application on the basis that it was not timely filed. (*Id*. at Ex. 14.)

On October 5, 2007, Petitioner filed a second Rule 26(B) application, arguing that his appellate counsel was ineffective in failing to argue on direct appeal that: (1) there was insufficient evidence to support Petitioner's conviction; and (2) trial counsel was ineffective in failing to present the testimony of a corroborating witness at trial. (Doc. No. 8-1 at Ex. 15.) On October 29, 2007, the state appellate court denied Petitioner's second Rule 26(B) application, finding that the rule did not permit second or successive applications. (*Id*. at Ex. 17.)

### E. Petition for Post-Conviction Relief

On August 10, 2012, Petitioner, *pro se*, filed a petition for post-conviction relief pursuant to Ohio Revised Code § 2953.21, in which he asserted violations of due process arising out of: (1) the trial court's failure to provide him with an interpreter; and (2) his counsel's failure to call a corroborating witness to testify at trial. (Doc. No. 8-1 at

3

Ex. 18.)

On August 27, 2012, the trial court denied the § 2953.21 petition as untimely filed. (Doc. No. 8-1 at Ex. 20.) Petitioner filed a notice of appeal in the state appellate court. (*Id*. at Ex. 21.) On January 28, 2009, the state appellate court affirmed the trial court's decision. *State v. Vang,* No. 24379, 2009-Ohio-334 (Ohio App. Ct. Jan. 28, 2009). In March 2009, Petitioner filed a notice of appeal and a memorandum in support of jurisdiction to the Ohio Supreme Court. (*Id*. at Exs. 27, 28.) On July 1, 2009, the Ohio Supreme Court declined jurisdiction and dismissed Petitioner's appeal. *State v. Vang,* 908 n.E.2d 945 (Table), 122 Ohio St.3d 1454 (Ohio 2009).

**F.     Motion to Resentence**

On March 1, 2010, Petitioner, *pro se*, filed a motion for resentencing, in which he argued that the trial court's imposition of a three-year term of post-release control violated Ohio law, which required a five-year term of post-release control for Petitioner's convictions. (Doc. No. 8-1 at Ex. 30.) The State concurred. (*Id*. at Ex. 31.) On December 30, 2010, the state court conducted a "hearing to correct the judgment of conviction." (*Id*. at Ex. 32.) The trial court imposed a five-year term of post-release control, but did not otherwise alter Petitioner's sentence. (*Id*.) The trial court conducted a hearing on the issue of Petitioner's sexual offender classification, and re-classified Petitioner as a Tier III Sex Offender/Child Victim Offender Registrant under the Adam Walsh Act, then advised Petitioner of the requirements related to that designation. (*Id*.)

Petitioner, through counsel, filed a notice of appeal. (Doc. No. 8-1 at Ex. 33.) In his brief, Petitioner raised assignments of error arising out of his resentencing hearing,

4

including that the trial court had erred when it adjudicated him a Tier III Sex Offender. (*Id*. at 34.) On September 30, 2011, the state appellate court affirmed Petitioner's resentencing. *State v. Vang*, No. 25769, 2011-Ohio-5010 (Ohio App. Ct. Sept. 30, 2011).

## G. Proceedings in this Court

On February 17, 2015, Petitioner, *pro se*, placed his § 2254 petition in the prison mailing system for delivery to this Court. (Doc. No. 1 at Certificate of Service.) He asserts the following assignments of error:

> I. Trial court denied Plaintiff due process of law in violation of the Fourteenth [Amendment] to the United States Constitution.
>
> Supporting Facts: The trial court committed prejudicial error when it denied defense motion for acquittal under [Ohio] rule 29 because the manifest weight of the evidence didn ot support the conviction; and the conviction had been obtained upon evidence insufficient as a matter of law; denying to Plaintiff due process of law.
>
> II. Trial court denied Plaintiff due process of law [when it] dismissed his post conviction petition, in violation of the Fourteenth Amendment to the U. S. Constitution.
>
> Supporting Facts: The trial court erred in dismissing Plaintiff's post conviction [petition] wherein he had set forth that he was unavoidably prevented from discovering new evidence, that the trial court committed error when it dismissed Plaintiff's post conviction petition without first holding a hearing to determine whether he was unavoidably prevented from discovering the new evidence, and that Plaintiff was denied his right to effective assistance of counsel.

(*Id*.)

In July 2015, the State filed a motion to dismiss the petition as untimely. (Doc. No. 8.)

## II. Jurisdiction

A state prisoner may file a § 2254 petition in "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Summit County, Ohio sentenced Petitioner. (Doc. No. 8-1 at Ex. 4.) Summit County is within this Court's geographic jurisdiction. *See* 28 U.S.C. § 115(a). Accordingly, this Court has jurisdiction over the § 2254 petition in this case.

## III. Timeliness

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), Congress enacted a period of limitations for the filing of habeas petitions. The statute provides, in relevant part:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

6

Here, the State argues that, even accounting for tolling in this case, Petitioner's one-year period for filing his habeas petition expired well before he filed his habeas petition in February 2015.  The State is correct.

The state appellate court affirmed Petitioner's conviction on January 10, 2007. *See Vang,* 2007-Ohio-46.  Ohio law required Petitioner to file a notice of appeal in the Ohio Supreme Court within 45 days of that decision – by or on February 24, 2007. *See* R. Prac. S. Ct. Ohio 7.01(A)(1)(a).  Petitioner did not file a notice of appeal in the Ohio Supreme Court.  Accordingly, his conviction became final, for the purposes of the AEDPA statute of limitations, on February 24, 2007, and his one-year period of limitations began to run on the next day, February 25, 2007. *See Gonzales v. Thaler,* ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012); Fed. R. Civ. P. 6(a)(1)(A) ("[E]xclude the day of the act, event or default that begins the period.").   Thus, Petitioner's one-year statute of limitations expired one year later on February 24, 2008.  Petitioner did not file his habeas corpus petition in this Court until February 17, 2015.[1]  (Doc. No. 1.)  Thus, the petition is time barred unless statutory tolling sufficiently extends the period of limitations in this case.

Under 28 U.S.C. § 2244(d)(2), a "properly filed" application for state post-conviction or other relief tolls the running of the AEDPA statute of limitations until the state supreme court decides the case or declines review.  Here, the State correctly concedes that Petitioner's one-year period was tolled during the pendency of his motion for leave to file a delayed appeal.  The effect of this motion, in the context of tolling Petitioner's one-year period, is as follows:

---

[1] Under *Houston v. Lack,* 487 U.S. 266, 271-72 (1988), Petitioner's habeas petition is deemed filed as of the date that he delivered it to prison officials for mailing.

7

| Relevant Dates/Events | Period Tolled | Time Line for Statute of Limitations | Days Expended |
|---|---|---|---|
| January 10, 2007 (the date on which the state appellate court affirmed Petitioner's conviction and sentence) plus 45 days for the expiration of time within which to appeal equals February 24, 2007, the date on which Petitioner's conviction became final | | Time begins to run on February 25, 2007, and continues to run until June 10, 2007 | 106 days |
| June 11, 2007, the day on which Petitioner filed his motion for a delayed appeal, to July 25, 2007,[2] the date on which the Ohio Supreme Court denied Petitioner's motion for leave to file a delayed appeal | June 11, 2007 to July 25, 2007 | Time begins to run on July 26, 2007, with 259 days remaining in the one-year period of time | |
| May 24, 2008, the date on which Petitioner's one-year period of time expired after accounting for tolling | | | 259 days (365 days total) |

Although Petitioner filed two Rule 26(B) applications prior to the expiration of the one-year period of time, neither of these applications served to toll the period of limitations in this case.  The state appellate court denied the first Rule 26(B) application

---

[2] In its motion, the State contends that the Ohio Supreme Court denied Petitioner's motion for leave to file a delayed appeal on July 27, 2007.  (Doc. No. 8 at 10.)  The copy of the Ohio Supreme Court entry included in the record does not bear a date.  (Doc. No. 8-1 at Ex. 12.)  Review of the relevant decision in Westlaw, however, reveals that the Ohio Supreme Court denied the motion on July 25, 2007. *See Vang, 870 N.E.2d 730 (Table), 114 Ohio St.3d 1477 (Ohio 2007)*.

8

as untimely filed.  (Doc. No. 8-1 at 14.)  The state court denied the second application on the basis that Ohio law had "no statutory provision for filings successive motions for reopening" pursuant to Rule 26(B).  (*Id*. at Ex. 17.)  Accordingly, neither of these applications was "properly filed," as required by AEDPA to serve as a basis for tolling the relevant period of limitations.  *See, e.g.,* Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); Morgan v. Money, 210 F.3d 372 (Table), 2000 WL 178421, *2 (6th Cir. 2000) (unpublished disposition) ("We also note that Morgan's applications to reopen his direct appeal do not toll the statute of limitations because they were untimely under Ohio procedure rule and thus not 'properly filed'" in accordance with AEDPA.).

Further, the fact that the trial court re-sentenced Petitioner in December 2010 does not affect the statute of limitations in this case, at least with respect to the grounds for relief asserted in the petition.  *See* Mackey v. Warden, Lebanon Corr. inst., 525 F. App'x. 357 (6th Cir. 2013) (where an Ohio prisoner had been resentenced pursuant to *State v. Fischer*, 942 N.E.2dn 332, 128 Ohio St.3d 92 (Ohio 2010), "[f]or the purpose of determining the federal habeas statute of limitations under § 2244(d)(1)(A), the [re-sentencing] was *de novo* only as to the imposition of post-release controls.  Therefore, the federal district court properly dismissed [the petitioner's] habeas petition because none of his fifteen grounds for relief claimed that the imposition of post-release controls [at his re-sentencing] was contrary to federal law.").  In this case, the state trial court's authority at Petitioner's re-sentencing was limited to correcting its error with respect to the

9

term of post-release control. *Vang*, 2011-Ohio-5010 at ¶ 5 (citing *Fischer*, 942 N.E.2d 332, 128 Ohio St.3d 92 at paragraph 3 of the syllabus). The grounds for relief asserted in Petitioner's § 2254 petition do not challenge the trial court's correction of the term of post-release control. Rather, the petition asserts challenges to Petitioner's conviction. In accordance with *Mackey*, the statute of limitations for Petitioner's grounds for relief is calculated without regard to the re-sentencing. As illustrated above, Petitioner's one-year period of limitations expired on May 24, 2008. Petitioner did not file his § 2254 petition until February 17, 2015, nearly seven years after the expiration of the AEDPA limitations period, and, thus, the State's motion to dismiss should be granted.

### IV.  Conclusion

For the reasons given above, the State's motion should be GRANTED and the § 2254 petition should be DISMISSED.


Date: August 25, 2015                           s/ *Nancy A. Vecchiarelli*
                                                NANCY A. VECCHIARELLI
                                                U.S. MAGISTRATE JUDGE


### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**