UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONG VANG, | ) | CASE NO. 5:15-cv-367 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **ORDER AND DECISION** |
| ED SHELDON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on Petitioner Tong Vang's objections to the Magistrate Judge's Report and Recommendation ("R & R") granting the Respondent's Motion to Dismiss. Doc. 14. Respondent Ed Sheldon, Warden, filed a response to Vang's objections on September 16, 2015. Doc. 15. For the following reasons, Vang's objections are OVERRULED, and the Court ADOPTS the Magistrate Judge's Report and Recommendation and DISMISSES the underlying habeas petition as having been filed nearly seven years after the expiration of the limitations period. Doc. 14.

The R & R adequately states the factual and procedural background of this case. Vang has demonstrated no error in that background, so the Court will not reiterate those sections herein.

I. STANDARD OF REVIEW

If a party files written objections to a magistrate judge's report and recommendation, a judge must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. LAW AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's review of the instant case. *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997). The relevant portion of the habeas statute provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). However, if a claim has not been adjudicated on the merits in a state court proceeding, "and has not been procedurally defaulted, we look at the claim de novo rather than through the deferential lens of AEDPA." *Hill v. Mitchell*, 400 F.3d 308, 313 (6th Cir. 2005).

In his objections, Vang makes two arguments: 1) that he was denied an interpreter during the proceedings in Ohio and his post-conviction and habeas efforts; and 2) that his habeas petition should not be considered time-barred because "…he has been diligent in filing appeals as well as writing personal letters to State and Federal Officials in request for help securing his rights." Doc. 15 at 2. Vang fails to describe how an interpreter's presence during his trial-court proceedings and subsequent litigation would have tolled the limitations period. Likewise, Vang

fails to describe how writing letters to various state and federal officials tolled his limitations period so his petition would be considered timely.  Finally, he does not specifically describe how the Magistrate Judge's calculation of the statute of limitations is inaccurate.  Because Vang has not established any error in the Magistrate Judge's R & R, his objections are OVERRULED.

### III. CONCLUSION

For the reasons set forth herein, the Court finds no merit to Vang's objections, and therefore, those objections are OVERRULED.  The Court ADOPTS Magistrate Judge Vecchiarelli's R & R.  Doc. 14.  The Respondent's Motion to Dismiss is GRANTED as untimely, and Vang's Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATE: March 21, 2016                         */s/ John R. Adams*
                                             Judge John R. Adams
                                             UNITED STATES DISTRICT COURT